**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

James Daniel Flores,

          Petitioner,

vs.

Charles L. Ryan, et al.,

          Respondents.

CV 17-00120-TUC-RCC(JR)

**REPORT
AND
RECOMMENDATION**

Pending before the Court is James Daniel Flores's ("Flores") Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. In their Limited Answer to Petition for Writ of Habeas Corpus, Respondents affirmatively argue that Flores's Petition is untimely and that he is not entitled to statutory or equitable tolling. Doc. 28. The Magistrate Judge agrees and recommends that the Petition be found untimely and dismissed with prejudice. Additionally, Respondents move to strike (Doc. 30) Flores's Supplement Habeas Petition (Doc. 29). Because Flores did not seek leave of court pursuant to Rule 15(d), Fed.R.Civ.P., the Magistrate Judge recommends that the Motion to Strike be granted.

1

## I.      Background[1]

Following a jury trial, Flores was convicted of possession of a dangerous drug for sale and possession of drug paraphernalia.  Ex. A.[2]  The trial court imposed concurrent prison terms, the longest of which was ten years.  Ex. B.  On September 27, 2013, the Court of Appeals affirmed Flores's convictions and sentences.  Ex. A.

On December 23, 2013, Flores initiated a proceeding for post-conviction relief.  Ex. B.  The trial court dismissed the petition finding that Flores's claims of trial error were precluded and that his claims of ineffective assistance of counsel were not colorable.  *Id*.

On review to the Arizona Court of Appeals, Flores again argued that he received ineffective assistance of counsel and that the trial court abused its discretion in rejecting his claims.  *Id.*   On March 3, 2016, the appellate court denied relief finding that because his notice was untimely and he raised no claim that could be considered in an untimely proceeding, the court could not say that the trial court abused its discretion in dismissing the proceeding.  *Id.* Flores did not file a motion for reconsideration or a petition for review with the Arizona Supreme Court.  Ex. C.  On March 13, 2017, Flores filed the instant Petition for Writ of Habeas Corpus.  Doc. 1.

---

[1] The factual summary of the state court is accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009) (citing *Hernandez v. Small*, 282 F.3d 1132, 1135 n. 1 (9th Cir. 2002)).

[2] Unless otherwise indicated, all exhibit references are to the exhibits attached to the Respondents' Limited Answer to Petition for Writ of Habeas Corpus.  Doc. 28.

## II.    Timeliness

### A.    Flores's Petition is Untimely.

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Petitions filed beyond the one-year limitations period must be dismissed.  *Id.*  The statute provides in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The limitation period for Flores's habeas petition was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The Arizona Court of Appeals affirmed Flores's convictions and sentences on September

3

27, 2013. Ex. A.  The AEDPA limitations period began 30 days after the court issued its decision, here October 27, 2013.  Ariz.R.Crim.P. 31.19(a).  After adding five additional days pursuant to Ariz. R. Crim. P. 1.3(a), Flores's deadline to appeal was November 2, 2013, and AEDPA's one-year limitation period commenced the nexte day, on November 2, 2014.  *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Petitioner did not file his petition until March 10, 2017.  Therefore, it is untimely unless statutory or equitable tolling applies.

**B.      Flores is not entitled to tolling.**

Title 28 U.S.C. § 2244(d)(2) statutorily tolls from counting toward any limitation period "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Flores is not entitled to any statutory tolling because the appellate court specifically held that his notice had not been timely filed.  Ex. B.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2).)

Nor is Flores entitled to equitable tolling.  That is only available in our circuit when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).  A petitioner is

4

entitled to equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*. Flores does not argue equitable tolling.

Flores's deadline to appeal was November 2, 2013. AEDPA's statute of limitations expired on November 2, 2014. Flores filed the current Petition on March 13, 2017. His petition is untimely by over two years and four months and is clearly barred by AEDPA's statute of limitations.

## III.    RECOMMENDATION

Based on the foregoing, the Magistrate Judge RECOMMENDS that the District Court, after its independent review, DENY Flores's Petition for Writ of Habeas Corpus (Doc. 1).

The Court further RECOMMENDS that the District Court, after its independent review, GRANT Respondent's Motion to Strike Petitioner's Supplement (DOC 30). Rule 15 (d) of the Federal Rules of Civil Procedure requires prior court authorization before supplemental pleadings are filed. Petitioner did not seek that prior approval.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Replies shall not be filed without first obtaining leave to do so from the District Court.  If any objections are filed, this action should be designated case number: CV 17-00120-TUC-RCC.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. See *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

Dated this 20th day of April, 2018.

Honorable Jacqueline M. Rateau
United States Magistrate Judge